**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TONY SANTIAGO,

                                        Plaintiff,

                                                                    9:20-CV-1411
                        v.                                          (TJM/CFH)

C.O. RYAN DICKERSHAID, et al.,

                                        Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

TONY SANTIAGO
Plaintiff, pro se
21-A-0901
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

GOLDBERG SEGALLA, LLP                           JONATHAN M. BERNSTEIN, ESQ.
Attorney for Defendants
8 Southwoods Boulevard, Suite 300
Albany, New York 12211-2526


**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

### DECISION AND ORDER

**I.      INTRODUCTION**

        Plaintiff Tony Santiago, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983")

civil rights action, alleges wrongdoing while he was incarcerated at Schenectady County Jail.

Dkt. No. 1 ("Complaint").  By Decision and Order entered on March 12, 2021, the Honorable

Thomas J. McAvoy granted plaintiff's application to proceed in forma pauperis, and following

review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b),

dismissed some of plaintiff's claims, and directed service and a response for the claims against Corrections Officer Dickershaid and Corrections Sergeant Sherman that survived sua sponte review.  Dkt. No. 7 ("March 2021 Order").

Following the completion of service, counsel filed an answer on behalf of the defendants, and a Mandatory Pretrial Discovery and Scheduling Order was issued.  Dkt. No. 12 ("Answer"); Dkt. No. 13 ("Scheduling Order").  Shortly thereafter, the Court received a letter from plaintiff wherein he raised concerns about his records related to this action and requested appointment of counsel, among other things.  Dkt. No. 14 ("Letter Motion").

By Decision and Order entered on July 27, 2021, this Court denied the Letter Motion insofar as it sought to compel the Schenectady County Jail to provide plaintiff with copies of his medical records and "the incident report" related to this action, and also denied the Letter Motion without prejudice insofar as it sought appointment of counsel.  Dkt. No. 15 ("July 2021 Order").  Presently before the Court are the following: (1) a letter from plaintiff wherein he seeks (i) reconsideration of the July 2021 Order insofar as it denied his request for appointment of counsel, and (ii) permission to file discovery materials with the Court, Dkt. No. 16;[1] and (2) a letter from plaintiff advising as to his efforts to obtain discovery from the Schenectady County Jail, with attached discovery material, Dkt. No. 17.

## II.    REQUEST FOR RECONSIDERATION[2]

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or

---

[1]  This submission also includes a notice of his address change.  *See* Dkt. No. 16.

[2]  The Court notes that plaintiff's letter is not a proper motion for reconsideration.  See NDNY Local Rules 7.1(1), 60.1.  However, in light of the special solicitude due to plaintiff as a pro se litigant, the Court will address the submission.

2

(3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*[3]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law.  Nor does he suggest that the Court's denial of his request for appointment of counsel was a clear error of law.  Rather, liberally construed, plaintiff seeks reconsideration based on new information not previously considered by the Court, and to prevent manifest injustice.  More specifically, plaintiff argues that reconsideration is appropriate because he attempted to obtain counsel on his own, to no avail, and has a "lack of experience."  *See* Dkt. No. 16.  Plaintiff has also attached documents to his submission discussing his efforts to obtain counsel on his own.  *See* Dkt. No. 16 at 2-5.

Upon review of the relevant law and its application to the facts of this case, and taking the new information submitted by plaintiff into consideration, the Court concludes that its previous decision remains correct, and did not work a manifest injustice.

The fact plaintiff apparently has been unable to obtain counsel on his own does not

---

[3]  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

entitle him to Court-appointed counsel because, as the Court already advised, there is no constitutional right to appointment of counsel in civil cases.  Rather, as noted in the July 27, 2021 Decision & Order, the Court must consider various factors in determining plaintiff's entitlement to appointed counsel.  *See* July 2021 Order at 3 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994)).

As was the case when the Court decided the July 27, 2021 Decision & Order, the main facts upon which this Court may base its decision as to whether this lawsuit is of substance are still those portions of the Complaint where plaintiff states the facts surrounding his claims.  Plaintiff's request for reconsideration does not address his failure to meet the threshold requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel.  Indeed, plaintiff's request does not address any of the relevant factors discussed by the Court in the July 27, 2021 Decision & Order, let alone explain how a manifest injustice will result if the Court does not appoint counsel.

The Court also notes that, despite the Court's directive in its July 27, 2021, Decision & Order that any renewed motion for counsel would be needed to be accompanied with documentation supporting his claims that he attempted to obtain counsel on his own, such as copies of letters or dates of telephone calls to lawyers from the private or public sector, dkt. no. 15 at 5, his motion for reconsideration does not contain such documentation.  *See* Dkt. No. 16.

Accordingly, plaintiff's request for reconsideration of the portion of the July 27, 2021 Decision & Order denying his request for appointment of counsel is denied.[4]  Plaintiff is again

---

[4]  As noted in the July 2021 Order, plaintiff may file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the relevant factors governing appointment of counsel warrants granting the application.

advised that any future motions for appointment of counsel must address the relevant factors the Court discusses in the July 27, 2021 Decision & Order and be accompanied by *documentation* supporting his claims that he attempted to obtain counsel on his own.

## III.   DISCOVERY

The Scheduling Order expressly directs the exchange of discovery between the parties.  *See* Scheduling Order at 1-3.  In addition, Northern District of New York Local Rule 26.2 expressly prohibits parties from filing discovery materials, such as Interrogatories and Document Requests, with the Court unless directed otherwise or submitted in support of a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Within plaintiff's letter seeking reconsideration, dkt. no. 16, plaintiff inquires whether he is to submit discovery with the Court or to defense counsel. In this case, the Court has not directed the filing of discovery.  Thus, plaintiff is not to file his discovery responses with the Court, but only with defendants.  Accordingly, the Clerk is directed to strike plaintiff's current discovery submission from the docket.  Any future discovery materials that plaintiff submits to the Court will be stricken from the record.

Within plaintiff's most recent submission, dkt. no. 17, plaintiff expresses that he has been having difficulty with requests for video and photographs he has sought from the Schenectady County Jail.  Plaintiff is advised that discovery materials and requests should only be submitted to counsel for the defendants, and not to the Schenectady County Jail.  To the extent plaintiff seeks photos or video footage from the Schenectady County Jail, plaintiff should request those photos or videos from defendants as part of the discovery process.

To the extent plaintiff indicates that he "need[s] to be reminded of the deadlines" in this case, the Clerk of the Court is directed to provide plaintiff with a courtesy copy of this

case's Scheduling Order.  *See* Dkt. No. 13.

IV.     **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's letter request (Dkt. No. 16) for partial reconsideration of the July 27, 2021 Decision & Order is **DENIED**; and it is further

**ORDERED**, that plaintiff's request to file discovery materials with the Court (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED**, that the Clerk **STRIKE** plaintiff's discovery submission (Dkt. No. 17-1) from the docket; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on plaintiff and counsel for the defendants, and also serve plaintiff with another copy of the Scheduling Order entered in this case.

**IT IS SO ORDERED.**

Dated: September 1, 2021
     Albany, New York

Christian F. Hummel
U.S. Magistrate Judge